IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


RANDY CAMPBELL,
      Plaintiff,

vs.                                     Case No.:  3:05cv113/EMT

CAPTAIN L. MIMMS, et al.,
      Defendants.
_____/

# **O R D E R**

      This action filed pursuant to 42 U.S.C. § 1983 is before the court upon Plaintiff's Motion for Assistance of Court in Obtaining Material or Alternatively Request for Leave of Court to Conduct Discovery (Doc. 50) and Defendants' response thereto (Doc. 51).

      Plaintiff seeks the following:

      1.      a.      The Florida standard rules, policies, and procedures governing county jail facilities,

              b.      the rules, policies, and procedures of the Walton County Jail, and

              c.      if the two are different, explain the difference.

      2.      a.      The Florida standard job description for county jail administrators,

              b.      the qualifications, experience, job training, and duties of Defendant Captain Mimms, and production of the job description for her position, and

              c.      if the two are different, explain the difference.

      3.      a.      The Florida standard policies and procedures governing leave taken by county jail administrators for family medical issues,

              b.      the policies and procedures of the Walton County Jail regarding Defendant Mimms' taking leave due to family medical issues, and

c.      if the two are different, explain the difference.

4.      a.      The Florida standard policies and procedures governing the taking of pre-trial detainees to the jail administrator's office and the housing of pre-trial detainees complaining of medical issues in medical close management,

b.      the polices and procedures of the Walton County Jail regarding Defendant Mimms' meeting with Plaintiff on March 17, 2005, regarding Plaintiff's complaint of deprivation of medical treatment, and

c.      if the two are different, explain the difference.

5.      a.      The Florida standard policies and procedures governing the placement of pre-trial detainees in close management for medical reasons and the investigation of complaints from detainees regarding the deprivation of prescribed treatment,

b.      the policies and procedures of the Walton County Jail regarding Defendant Mimms' placement of Plaintiff in a close management cell on March 17, 2005, due to his medical issues, and Defendant Mimms' investigation of Defendants Hall and Johnson regarding their depriving Plaintiff of his walking cane, and

c.      if the two are different, explain the difference.

6.      a.      The Florida standard policies and procedures governing the transfer or reassignment of pre-trail detainees receiving prescribed medical treatment, such as walking aide devices, from medical close management to the general population,

b.      the policies and procedures of the Walton County Jail regarding the reassignment of John Lewis, a pre-trial detainee who was medically prescribed crutches, from close management to the general population in 2004, and

c.      if the two are different, explain the difference.

7.      a.      The Florida standard policies and procedures regarding the response of medical staff to reports that pre-trial detainees in close management are selling prescribed psychiatric medication to other pre-trial detainees, resulting in violent conduct by both inmates,

b.      the policies and procedures of the Walton County Jail governing the response of medical staff to notification in February of 2005 that pre-trial detainees in close management cell

block 221 were selling their prescription psychiatric medication to other detainees and the detainees were displaying violent behavior, and

       c.     if the two are different, explain the difference.

    8.     a.     The Florida standard policies and procedures governing the response of jail administrators and lieutenants when they are notified that pre-trial detainees in close management are selling prescribed psychiatric medication to other pre-trial detainees, resulting in violent conduct by both inmates,

       b.     the policies and procedures of the Walton County Jail regarding the response of Defendants Mimms and Prater to notification in February of 2005 that pre-trial detainees in close management cell block 221 were selling their prescription psychiatric medication to other detainees and the detainees were displaying violent behavior, and

       c.     if the two are different, explain the difference.

    9.     a.     The Florida standard job description for lieutenants in county jails,

       b.     the qualifications, experience, job training, and duties of Defendant Lieutenant Prater, and production of the job description for his position, and

       c.     if the two are different, explain the difference.

    10.     a.     The Florida standard policies and procedures governing the response of jail staff to altercations between pre-trial detainees assigned to general population,

       b.     the policies and procedures of the Walton County Jail regarding the response of staff to altercations involving Plaintiff while he was housed in general population from May 14, 2004 to June 29, 2004, and from March 19, 2005 to June 1, 2005, and production of all incident reports, use of force reports, disciplinary reports, criminal charges, statements of witnesses, and disciplinary decisions involving such altercations, and

       c.     if the two are different, explain the difference.

    11.     a.     The Florida standard policies and procedures governing the housing reassignment of pre-trial detainees, for safety purposes, who are prescribed medical treatment,

       b.     the policies and procedures of the Walton County Jail regarding Defendant Prater's instruction to Officer Brock on March 19, 2005, to remove Plaintiff from a close

management cell, where he had been housed for medical reasons, and place him in a general population cell block, and

       c.     if the two are different, explain the difference.

    12.   a.     The Florida standard policies and procedures regarding the placement of pre-trial detainees who are taking prescribed psychiatric medication into protective custody due to altercations with other pre-trial detainees,

       b.     the policies and procedures of the Walton County Jail regarding staff's placement of the pre-trial detainee involved in jail incident report no. WCSO05JIN000049, who was taking prescribed psychiatric medication, into protective custody due to altercations with other pre-trial detainees, and production of all incident reports, use of force reports, disciplinary reports, criminal charges, statements of witnesses, and disciplinary decisions involving such altercations, and

       c.     if the two are different, explain the difference.

    13.   a.     The Florida standard policies and procedures governing the reassignment of a pre-trial detainee to close management due to an altercation in general population,

       b.     the policies and procedures of the Walton County Jail regarding staff's reassignment of pre-trial detainee Raymond Jonathan Callaway to close management unit 211 due to an altercation in general population described in jail incident report no. WCSO05JIN000068, and production of all incident reports, use of force reports, disciplinary reports, criminal charges, statements of witnesses, and disciplinary decisions involving such altercation, and

       c.     if the two are different, explain the difference.

    14.   a.     The Florida standard job description for security sergeants in county jails, and production of same,

       b.     the qualifications, experience, job training, and duties of Defendant Hall, and production of the job description for his position, and

       c.     if the two are different, explain the difference.

    15.   a.     The Florida standard policies and procedures governing the scheduling and provision of transportation of pre-trial detainees receiving prescribed medical treatment such as walking devices, wheelchairs, crutches, walking canes, and artificial limbs, to and from court appearances,

      b.     the policies and procedures of the Walton County Jail regarding the transportation of Plaintiff, who was medically prescribed the use of a walking cane, to and from the Walton County Courthouse on February 17, 2005, and

      c.     if the two are different, explain the difference.

16.    a.     The Florida standard policies and procedures governing the initiation of an administrative investigation when a report of mistreatment of pre-trial detainees by the security sergeant at a county jail is received,

      b.     the policies and procedures of the Walton County Jail followed by Defendant Mimms when Plaintiff reported to her on March 17, 2005, that an incident occurred between him and Defendant Hall on February 17, 2005, involving deprivation of prescribed medical treatment, and production of all incident reports, use of force reports, deprivation of medical care reports, memoranda, investigative files, reprimands, disciplinary files, criminal charges, statements of witnesses, disciplinary decisions, and other documentation regarding investigation of the February 17 incident, and

      c.     if the two are different, explain the difference.

17.    a.     The Florida standard job description for transport officers at county jails,

      b.     the qualifications, experience, job training, and duties of Defendant Johnson, and production of the job description for his position, and

      c.     if the two are different, explain the difference.

18.    a.     The Florida standard policies and procedures governing the investigation, initiated by a county jail administrator, of interference by jail staff with prescribed medical treatment of pre-trial detainees,

      b.     the policies and procedures of the Walton County Jail governing Defendant Mimms' investigation of Plaintiff's complaints on March 17, 2005, of Defendant Johnson's interference with Plaintiff's use of a medically prescribed walking cane, and  production of said policies and procedures, and

      c.     if the two are different, explain the difference.

19.    a.     The Florida standard job description for head transport officers at county jails,

      b.      the qualifications, experience, job training, and duties of Gary Hubbard, head transport officer at the Walton County Jail, and production of the job description for his position, and

      c.      if the two are different, explain the difference.

    20.    a.      The Florida standard policies and procedures governing the award of five days per month to pre-trial detainees for good behavior,

      b.      the policies and procedures of the Walton County Jail regarding Officer Gary Hubbard's awarding Plaintiff five days per month for good behavior during the period June 14, 2004 to May 14, 2005, and

      c.      if the two are different, explain the difference.

Defendants object to Plaintiff's discovery request on the grounds that it is overly broad, unduly burdensome, unrelated to the claims raised in the fourth amended complaint, and Plaintiff has not demonstrated he has sufficient funds in his inmate account to pay for copying costs associated with the discovery request (*see* Doc. 51).

Upon review of Plaintiff's motion for discovery, the court concludes that the information sought in requests numbered 5.b., 6.b., 11.b., 15.b., 16.b., and 18.b., as enumerated above, is relevant, and therefore, discoverable, to the following extent:

Request 5.b.:  Defendants shall provide to the court, and a copy thereof to Plaintiff, the policy and procedures of the Walton County Jail effective in 2004 and 2005 regarding the placement of pre-trial detainees with medical issues in the close management unit;

Request 6.b.:  Defendants shall provide to the court, and a copy thereof to Plaintiff, the policy and procedures of the Walton County Jail effective in 2004 regarding detainees' possession of walking assistance devices, such as canes and crutches, in general population;

Request 11.b.:  Defendants shall provide to the court, and a copy thereof to Plaintiff, the policy and procedures of the Walton County Jail effective in 2004 and 2005 regarding the removal of detainees from close management units to general population when the detainee's placement in close management was due to medical issues;

Request 15.b.:  Defendants shall provide to the court, and a copy thereof to Plaintiff, the policy and procedures of the Walton County Jail effective in 2004 and 2005 regarding the

transportation of detainees with medically prescribed walking devices to and from the Walton County Courthouse; and

Requests 5.b., 16.b., 18.b.:  Defendants shall provide to the court, and a copy thereof to Plaintiff, the policy and procedures of the Walton County Jail effective in 2004 and 2005 regarding the investigation by Defendant Mimms Plaintiff's complaint of deprivation of prescribed medical treatment.

The court denies Plaintiff's remaining requests, as Plaintiff has failed to show that the information sought is relevant to this matter.

In light of the court's conclusion that the five policies listed above are relevant, and pursuant to the order previously issued by this court directing Defendants to file a special report with specific information included (*see* Doc. 27 ¶ 7.e.), Defendants shall provide the information to the court, and a copy to Plaintiff, at no cost to Plaintiff.

Accordingly, it is **ORDERED**:

1.      Plaintiff's Motion for Assistance of Court in Obtaining Material or Alternatively Request for Leave of Court to Conduct Discovery (Doc. 50) is **GRANTED IN PART** to this extent:

Defendants shall respond to Plaintiff's discovery requests numbered 5.b., 6.b., 11.b., 15.b., 16.b., and 18.b., to the extent set forth above, within **THIRTY (30) DAYS** from the date of docketing of this order or explain to the court their inability to do so.  If Defendants assert that the material does not exist, or that they are otherwise unable to produce the material, they shall so state in a sworn statement by the person having knowledge of such fact.

2.      Plaintiff's Motion is **DENIED** as to his other requests for discovery.

**DONE AND ORDERED** this 23rd day of October 2006.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**