IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RANDY CAMPBELL,
    Plaintiff,

vs.                                              Case No.: 3:05cv113/EMT

C.O. CAMERON JOHNSON,
    Defendant.
_____/

## ORDER

This matter is before the court on Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 53), and Defendants' response in opposition to the motion (Doc. 61).

In the motion, Plaintiff requests a preliminary injunction enjoining Defendant Johnson, the former Defendants, and the Walton County Sheriff's Department from transporting, housing, or taking custody of him unless unspecified safeguards are put in place by this court (Doc. 53). Plaintiff states that although he is an inmate of the Florida Department of Corrections, he anticipates he will be returned to the Walton County jail (Jail) at some future date for a post-conviction hearing (*id*. ¶¶ 1–6). Plaintiff asserts that for the following reasons, his life and safety would be seriously jeopardized if he was housed at the Jail: (1) he has a federal civil rights case, Case No. 3:06cv365/RV/EMT, pending against Sheriff R. Johnson, the operator of the Jail; (2) Sheriff Johnson has placed his own interests above the public interest, as evidenced by his positions regarding operation of the 911 system in Walton County (his position was that the Sheriff's Department should be responsible for operation of and funding for the 911 system) and funding for the Jail (he sought increased funding for the Jail); and (3) several events occurred at the Jail between

May of 2004 and June of 2005 during which correctional officers showed disregard for the inmates' health and safety[1] (Doc. 53 ¶¶ 8–17).

Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court.  Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citing United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983)); Johnson v. Radford, 449 F.2d 115 (5th Cir. 1971).  The district court must exercise its discretion in the light of whether:

1. There is a substantial likelihood that plaintiff will prevail on the merits;

2. There exists a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted;

3. The threatened injury to plaintiff outweighs the threatened harm injunction will do to the defendant; and

4. The granting of the preliminary injunction will not disturb the public interest.

CBS Broadcasting, Inc. v. Echostar Communications Corp., 265 F.3d 1193, 1200 (11th Cir. 2001); Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Johnson v. United States Dep't of Agric., 734 F.2d 774 (11th Cir. 1984); Canal Auth. of State of Fla. v. Callaway, 489 F.2d 567 (5th Cir. 1974).  "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites."  All Care Nursing Serv. v. Bethesda Mem'l Hosp., 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted).

Further, the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994); All Care Nursing Serv., 887 F.2d at 1537; United States v. State of Ala., 791 F.2d 1450, 1457 n.9 (11th Cir. 1986).  This necessitates that the relief sought in the motion be closely related to the conduct complained of in the actual complaint.

---

[1] Plaintiff alleges that in May or June of 2004, an officer sprayed a whole cell block, holding 30–35 inmates, with pepper spray in an attempt to break up an altercation between two inmates; in late 2004, three officers used excessive force against an inmate; in March of 2005, an officer negligently left Plaintiff's cell unsecured and another inmate attacked him; and in early 2005, there were two instances where an officer arranged for an inmate to attack another inmate (Doc. 53 ¶ 17).

Case No.:  3:05cv113/EMT

Devose, 42 F.3d at 471; Penn v. San Juan Hosp., 528 F.2d 1181, 1185 (10th Cir. 1975).  Also, the persons from whom the injunctive relief is sought must be parties to the underlying action.  *See* In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Laboratories, 72 F.3d 842, 842–43 (11th Cir. 1995).

In the instant case, Plaintiff has failed to show that the relief sought in the motion is closely related to the conduct complained of in the complaint.  Plaintiff seeks an injunction that would protect him from the alleged violence, incompetence, and lack of professionalism of Sheriff Johnson and his staff; however, the only claim that remains to be litigated in this case is Plaintiff's claim that Officer Cameron Johnson deprived him of adequate medical care by denying him use of a prescribed walking cane (*see* Doc. 66), and as of March 2, 2005, Officer Johnson is no longer working as a correctional officer at the Jail (*see* Doc. 43, Affidavit of Cameron Johnson ¶ 3).  Additionally, Plaintiff has failed to show a substantial likelihood that he will be transferred to the Jail during the pendency of this lawsuit.  Therefore, Plaintiff has failed to satisfy his burden of showing that he is entitled to the extraordinary relief he seeks.

Accordingly, it is **ORDERED**:

Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 53) is **DENIED**.

**DONE AND ORDERED** this 25th day of May 2007.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**